# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION


DEBRA CARATTONI,

                    Petitioner,                       Case Number: 07-CV-11910

v.                                        HON. GEORGE CARAM STEEH

CLARICE STOVALL,

                    Respondent.

_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

Petitioner Debra Carattoni is a state inmate currently incarcerated at the Scott

Correctional Facility in Plymouth, Michigan.  She has filed a *pro se* petition for a writ of habeas

corpus pursuant to 28 U.S.C. § 2254, claiming that she is incarcerated in violation of her

constitutional rights.  For the reasons which follow, the petition will be dismissed.

**I.**

Petitioner pleaded guilty in Oakland County Circuit Court to embezzlement of greater

than $1,000 but less than $20,000.  On December 15, 2005, she was sentenced as a third habitual

offender to six years, four months to twenty years imprisonment.  Petitioner filed a delayed

application for leave to appeal in the Michigan Court of Appeals, challenging the scoring of

offense variable #13.  The Michigan Court of Appeals denied leave to appeal.  People v.

Carattoni, No. 271688 (Mich. Ct. App. Sept. 6, 2006).  Petitioner filed an application for leave to

appeal in the Michigan Supreme Court, again challenging the scoring of offense variable #13.

The Michigan Supreme Court denied leave to appeal.  People v. Carattoni, No. 132356 (Mich.

Jan. 4, 2007).

Petitioner then filed the pending petition for a writ of habeas corpus. The Court found

that it was unclear from the face of the petition what specific claims Petitioner intended to

present in her petition. The Court, therefore, issued an Order Directing Petitioner to Clarify

Claims Presented. On May 22, 2007, Petitioner responded to the Order. Petitioner clarified that

she intended to raise two claims related to the scoring of offense variable #13 in her petition and

did not intend to present an ineffective assistance of counsel claim.

Petitioner states that she presents two claims for habeas relief. However, because the

claims are identical, she essentially presents a single claim for habeas relief. Petitioner claims

that the trial court erred in scoring points under offense variable #13 (OV13) based upon

uncharged offenses and unproven conduct.

## II.

## A.

Upon the filing of a habeas corpus petition, the Court must promptly examine the petition

to determine "if it plainly appears from the face of the petition and any exhibits annexed to it that

the petitioner is not entitled to relief." Rule 4, Rules Governing Section 2254 cases. If the Court

determines that the petitioner is not entitled to relief, the Court shall summarily dismiss the

petition. McFarland v. Scott, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to

dismiss summarily any habeas petition that appears legally insufficient on its face"). The habeas

petition does not present grounds which may establish the violation of a federal constitutional

right, therefore, the petition will be denied.

## B.

Petitioner's claim is reviewed against the standards established by the Antiterrorism and

Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (AEDPA). This Act

"circumscribe[d]" the standard of review federal courts must apply when considering

applications for a writ of habeas corpus raising the question of effective assistance of counsel, as

well as other constitutional claims. *See* Wiggins v. Smith, 539 U.S. 510, 520 (2003).

      28 U.S.C. § 2254(d) imposes the following standard of review on federal courts

reviewing applications for a writ of habeas corpus:

> An application for a writ of habeas corpus on behalf of a person in custody
> pursuant to the judgment of a State court shall not be granted with respect to any
> claim that was adjudicated on the merits in State court proceedings unless the
> adjudication of the claim –
>
> (1)    resulted in a decision that was contrary to, or involved an unreasonable
> application of, clearly established Federal law, as determined by the Supreme
> Court of the United States; or
>
> (2)    resulted in a decision that was based on an unreasonable determination of
> the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d).  Therefore, federal courts are bound by a state court's adjudication of a

petitioner's claims unless the state court's decision was contrary to or involved an unreasonable

application of clearly established federal law.  Franklin v. Francis, 144 F.3d 429 (6th Cir. 1998).

Additionally, this court must presume the correctness of state court factual determinations.  28

U.S.C. § 2254(e)(1); see also Cremeans v. Chapleau, 62 F.3d 167, 169 (6th Cir. 1995) ("We give

complete deference to state court findings unless they are clearly erroneous").

      The United States Supreme Court has explained the proper application of the "contrary

to" clause as follows:

> A state-court decision will certainly be contrary to [the Supreme Court's] clearly
> established precedent if the state court applies a rule that contradicts the
> governing law set forth in our cases. . . .

A state-court decision will also be contrary to this Court's clearly established precedent if the state court confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from [the Court's] precedent.

Williams v. Taylor, 529 U.S. 362, 405-06 (2000).

With respect to the "unreasonable application" clause of § 2254(d)(1), the United States Supreme Court held that a federal court should analyze a claim for habeas corpus relief under the "unreasonable application" clause when "a state-court decision unreasonably applies the law of this Court to the facts of a prisoner's case." Id. at 409. The Court defined "unreasonable application" as follows:

[A] federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable. . .

[A]n unreasonable application of federal law is different from an incorrect application of federal law. . . . Under § 2254(d)(1)'s "unreasonable application" clause, then, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable.

Id. at 410-11.

## C.

As noted, Petitioner claims that she is entitled to habeas corpus relief because the trial court erred in scoring OV13.

To the extent that Petitioner challenges the scoring of this offense variable under state law, she is not entitled to relief. "[A] state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting on habeas review." Bradshaw v. Richey, 546 U.S. 74, __, 126 S. Ct. 602, 604 (2005). "[S]tate courts are

the ultimate expositors of state law." Mullaney v. Wilbur, 421 U.S. 684, 691 (1975). *See also,* Thomas v. Foltz, 654 F. Supp. 105, 106-07 (E.D. Mich. 1987) (holding that where petitioner seeks relief on the basis of a trial court's application of state sentencing guidelines, petitioner's claim is not cognizable on habeas review); Branan v. Booth, 861 F.2d 1507, 1508 (11th Cir. 1988) (holding that "federal courts cannot review a state's alleged failure to adhere to its own sentencing procedures").

Petitioner also cannot prevail on a claim that she is entitled to habeas relief because the trial court increased her sentence in reliance upon facts not presented at the plea or sentencing hearings in violation of the Sixth Amendment and Fourteenth Amendment. *See* Blakely v. Washington, 543 U.S. 296, 303-05 (2004) (state trial court's action in sentencing defendant beyond the statutory maximum of the standard range for his offense based upon judicial finding of deliberate cruelty violated Sixth Amendment right to trial by jury).

In Apprendi v. New Jersey, 530 U.S. 466 (2000), the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Id. at 490. Michigan has an indeterminate sentencing system for most crimes, including criminal sexual conduct and habitual offender. The maximum term of imprisonment is set by law. Mich. Comp. Laws § 769.8(1); *see also* People v. Drohan, 475 Mich. 140, 160-61 (2006). In Blakely v. Washington, 542 U.S. 296 (2004), the Supreme Court addressed indeterminate sentencing systems and held that such systems do not violate the Sixth Amendment. The Court explained:

> [The Sixth Amendment] limits judicial power only to the extent that the claimed
> judicial power infringes on the province of the jury. Indeterminate sentencing

does not do so.  It increases judicial discretion, to be sure, but not at the expense
of the jury's traditional function of finding the facts essential to lawful imposition
of the penalty.  Of course indeterminate schemes involve judicial factfinding, in
that a judge (like a parole board) may implicitly rule on those facts he deems
important to the exercise of his sentencing discretion.  But the facts do not pertain
to whether the defendant has a legal right to a lesser sentence-and that makes all
the difference insofar as judicial impingement upon the traditional role of the jury
is concerned.  In a system that says the judge may punish burglary with 10 to 40
years, every burglar knows he is risking 40 years in jail.  In a system that punishes
burglary with a 10-year sentence, with another 30 added for use of a gun, the
burglar who enters a home unarmed is entitled to no more than a 10-year
sentence-and by reason of the Sixth Amendment the facts bearing upon that
entitlement must be found by a jury.

Blakely, 542 U.S. at 308-09.

Judicial factfinding may not be used to impose a sentence "beyond the prescribed

statutory maximum."  Apprendi, 530 U.S. at 490.  In this case, the statutory maximum for

embezzlement of more than $1,000, but less than $20,000, as a third habitual offender was life

imprisonment.  The sentencing court did not impose a sentence beyond the statutory maximum.

Therefore, the sentencing scheme did not run afoul of the Sixth Amendment.  Because Blakely

does not apply to indeterminate sentencing schemes like the one utilized in Michigan, the trial

court's scoring of the sentencing guidelines did not violate Petitioner's constitutional rights. *See*

Minner v. Vasbinder,  2007 WL 1469419, * 4 (E.D. Mich. May 21, 2007); Chatman v. Lafler,

2007 WL 1308677, *2 (E.D. Mich. May 3, 2007); Jones v. Bergh, 2006 WL 1007602, *1-2 (E.D.

Mich. April 17, 2006); George v. Burt, 2006 WL 156396, *5 (E.D. Mich. Jan. 20, 2006); Walton

v. McKee, 2005 WL 1343060, *3 (E.D. Mich. June 1, 2005).  Petitioner has thus failed to state a

claim upon which habeas relief may be granted.

**III.**

For the reasons stated, Petitioner has failed to show that she is incarcerated in violation of

the Constitution or laws of the United States.  Accordingly, **IT IS ORDERED** that the petition

for a writ of habeas corpus is **DENIED**.


Dated:  July 3, 2007

                                             S/George Caram Steeh
                                             GEORGE CARAM STEEH
                                             UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
July 3, 2007, by electronic and/or ordinary mail.

S/Josephine Chaffee
Deputy Clerk